**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN J. BLISS; FLORENCE M. BLISS,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 99-3005

(D.C. No. 98-1026-WEB)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, POLITZ,**[**] and **BRISCOE,** Circuit Judges.

John J. and Florence M. Bliss appeal the district court's dismissal of their petition

for declaratory and injunctive relief from the IRS's collection of unpaid taxes. We affirm.

**BACKGROUND**

The Blisses failed to file tax returns for the years 1978 to 1986. The IRS made two

assessments for these years. The first assessment was made in accordance with their

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Henry A. Politz, United States Court of Appeals for the Fifth Circuit, sitting by designation.

written consent on IRS Form 870.  The second followed the IRS's notice of statutory deficiency in which additional tax deficiencies relating to self-employment were determined and various penalties assessed.

The first assessment, made on March 7, 1989, differed from the amount listed on the Form 870 which was signed by the taxpayers.  That form contained an inaccurate calculation of liability.  Instead of listing the taxpayers' entire tax liability, it listed the amount of their liability after deducting the taxpayers' withholding credits.  The subsequently issued first assessment contained the amount of tax liability before deduction of the withholding credits.[1]

The second notice of deficiency was issued on November 14, 1989.  This notice asserted additional deficiencies based on the IRS's determination that the taxpayers were liable for more self-employment taxes than the amount paid for these years, and that they were liable for penalties for negligence, failure to file, and failure to pay estimated taxes.  Neither taxpayer filed a petition to contest the notice in the Tax Court and on April 16, 1990, the IRS made an assessment against the Blisses for these amounts.[2]

---

[1]  The taxpayers sought injunction against enforcement of this amount, contending that they only agreed to waive restrictions on the listed amount on Form 870. Although the court disagreed and granted the motion to dismiss in favor of the United States on this issue, the IRS has subsequently agreed to seek only the listed amount, and apply the withholding credits to that amount, thereby making this issue moot for appeal.

[2]  Florence Bliss filed a petition in Tax Court to set aside the second assessment on the grounds that she was not sent notice to her last known address.

The instant action was then filed, asserting that the second assessment is invalid and unenforceable because it was not an "accurate assessment" as required by the Internal Revenue Code. The IRS moved to dismiss for lack of subject matter jurisdiction, claiming that the United States had not waived sovereign immunity, and that the action was barred by the Anti-Injunction Act and the Declaratory Judgment Act. The district court agreed, granted the motion to dismiss, and denied the motion for preliminary injunction. This timely appeal followed.

## ANALYSIS

We review *de novo* the dismissal for lack of subject matter jurisdiction based on the bar of sovereign immunity.[3]

The Anti-Injunction Act specifically provides that, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."[4] Therefore, in order for the district court to have subject matter jurisdiction over the Bliss claims, those claims must come under an exception to the Anti-Injunction Act. There are certain enumerated exceptions to § 7421(a) listed in the statute. None of these exceptions, however, are applicable to this claim.

_____

The tax court agreed, and the IRS made a retroactive abatement of the entire assessment against her. Therefore, John Bliss, alone, is liable for the amounts listed in the second assessment.

[3] Williams v. United States, 957 F.2d 742 (10th Cir. 1992).

[4] 26 U.S.C. § 7421(a).

Plaintiffs rely on the exception provided by § 6213(a). This exception is inapplicable for it provides only that an assessment cannot be made by the IRS until after the expiration of the 90 day restriction period. In the case at bar, it is undisputed that the assessment was not made until 90 days after the mailing of the notice of deficiency.

The Blisses contend that the amount listed in the notice of deficiency for the second assessment was necessarily incorrect because it was based on what they believe to be the incorrect first assessment; therefore, the notice of deficiency was improper. There has been no evidence presented, however, which would support the contention that the IRS's calculation of the total tax due was erroneous. Rather, the Blisses have demonstrated only that the IRS made an error on the Form 870 waiver of notice. Although the IRS subsequently agreed to abate a portion of the tax liability based on this error, that abatement does not change the fact that plaintiffs received a timely notice of deficiency for the second assessment. Therefore, §6213(a) is inapplicable.

Additionally, even if the notice of deficiency was inaccurate, there is no exception to the Anti-Injunction Act dealing with assessment procedures.[5] Accordingly, the Bliss claims are barred by the Anti-Injunction Act and were properly dismissed.

---

[5] 26 U.S.C. §7421(a) states: "Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6331(i), 6672(b), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." None of these remaining exceptions apply to the procedure for calculating the notice of deficiency.

The proper procedure to contest the accuracy of the notice of deficiency is to bring a claim before the Tax Court within 90 days of the notice.[6] The taxpayers did not pursue this remedy. As a result of this failure, the taxpayers' remedy now lies in seeking a refund *after* the taxes are paid in accordance with the assessment.[7]

For these reasons, the judgment appealed is AFFIRMED.

Entered for the Court

Henry A. Politz
Circuit Judge

---

[6] 26 U.S.C. § 6213.

[7] 26 U.S.C. § 7422.